# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

_____

Diondre Watkins,
     Petitioner

     vs                             Case No. C-1-01-471
                                       (Dlott, J.; Sherman, M.J.)

Ohio Adult Parole Authority, et al.[1]
     Respondents

_____

## REPORT AND RECOMMENDATION
_____

     Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the Ohio Adult Parole Authority (OAPA) to revoke his parole effective December 18, 1997.  (*See* Doc. 2, p. 5; *see also* Doc. 4, Brief, p. 3; Ex. F).  This matter is before the Court on the petition and respondents' return of writ.  (Docs. 2, 4).

## Procedural Background

     It appears from the record presented that petitioner is in state custody based on his conviction in 1992 for burglary in the Hamilton County, Ohio Common Pleas Court, which resulted in the imposition of a six (6) to fifteen (15) year prison sentence.

_____

[1]In the petition, petitioner correctly named Harry Russell as a party respondent, because when the petition was filed Russell was Warden of the Lebanon Correctional Institution (LeCI) where petitioner is incarcerated.  However, at this juncture, the current Warden of LeCI is Anthony Brigano.  Because Anthony Brigano is the individual who now has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent Warden is Brigano instead of Russell.  *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

(*See* Doc. 4, Ex. B).

Apparently, petitioner was released on parole on January 17, 1997 and, on October 25, 1997, was arrested by the Cincinnati police department and charged with the crime of rape of a minor under age 13. (*See id.*, Exs. C, E). Parole revocation proceedings were initiated at that time.

A hearing was held on December 11, 1997 on the parole violation charge stemming from the allegation that "[o]n or about 10-11-97, you are alleged to have had sexual intercourse with a minor." (*Id.,* Ex. E). At the hearing, testimony was presented from petitioner, the victim, the victim's mother, and the Cincinnati police detective who investigated the state criminal rape charge. In addition, it appears the hearing officer reviewed the supervising parole officer's Violation Hearing Report dated December 3, 1997; the Cincinnati police department's Arrest and Investigation report; a report from Children's Hospital Medical Center; the State's response to petitioner's demand for discovery in the state criminal case; the transcript of proceedings held on November 21, 1997 presumably in the state criminal case; the Cincinnati police department's transcript of the "victim's statement;" and the Children's Services Intake report. (*Id.,* p. 3). The hearing officer found "as a fact" that petitioner violated his parole "as charged," based on the "[i]nformation contained in parole officer's report of 12-3-97, testimony of witnesses during the Violation hearing, and the documents submitted in evidence." (*Id.*). Thereafter, a Revocation Order was issued by the OAPA revoking petitioner's parole effective December 18, 1997. (*Id.,* Ex. F).

Approximately six months later, on June 15, 1998, the Hamilton County Common Pleas Court entered an order in the state criminal case granting petitioner's motion for a Judgment of Acquittal made at the conclusion of the State's case. (*Id.,* Ex. D). In granting petitioner's motion, the court found "that the evidence is insufficient to sustain a conviction of [the charged rape] offense." (*Id.*). By letter dated June 16, 1998 from the presiding judge to petitioner, petitioner was informed and received a copy of the "Entry Granting Rule 29(A) Motion for Judgment of Acquittal." (Doc. 2, attachment).

It appears that petitioner did nothing to challenge the OAPA's parole revocation decision until he commenced the instant federal habeas corpus action over three years after his motion for judgment of acquittal was granted in the state criminal case. The petition, which was stamped as "received" by the Clerk on July 17, 2001, reflects that it was signed by petitioner on June 21, 2001; petitioner's application to proceed *in*

*forma pauperis*, which apparently was submitted at the same time as the petition and was stamped as "received" by the Clerk on the same date of July 17, 2001, reflects that the prison cashier signed the "Certificate" attached to petitioner's application on June 27, 2001.[2]  (*See* Docs. 1, 2).

In the petition, petitioner alleges as the sole ground for relief that he is falsely imprisoned, because he was acquitted by the Hamilton County Common Pleas Court of the crime that served as the basis for his parole revocation.  (Doc. 2, p. 5). Respondents have filed a return of writ, wherein they argue in part that the petition is barred from review by the one-year statute of limitations governing federal habeas actions set forth in 28 U.S.C. § 2244(d).  (Doc. 4, Brief, pp. 5-7).

## OPINION

### The Petition Is Barred From Review By The Applicable One-Year Statute Of Limitations Set Forth In 28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could

---

[2]Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date for a habeas corpus petition is actually the date on which the pro se prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); *Hughes v. Irvin,* 967 F. Supp. 775, 778 (E.D.N.Y. 1997); *see also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).  In this case, the record does not reflect the actual date petitioner provided his petition to prison authorities for mailing.  However, the earliest possible date that petitioner could have done so was June 27, 2001, the date the prison cashier signed the Certificate attached to the application to proceed *in forma pauperis.*  (*See* Doc. 1).

have been discovered through the exercise of due diligence.  Under 28 U.S.C. §
2244(d)(2), the running of the limitations period is tolled during the pendency of a
properly filed application for state post-conviction relief or other collateral review.

The courts that have addressed the issue have unanimously concluded §
2244(d)'s one-year statute of limitations applies to all persons in custody pursuant to
the judgment of a state court, including those who seek to challenge the execution of
their sentence by state parole authorities.  *See, e.g., Wade v. Robinson,* 327 F.3d 328,
330-32 (4th Cir. 2003), *petition for cert. filed,* No. 03-5490 (U.S. July 21, 2003); *Cook
v. New York State Div. of Parole,* 321 F.3d 274, 278-81 & nn. 3-5 (2nd Cir. 2003)
(holding that a state prisoner, in contrast to a federal prisoner, must bring a challenge
to the execution of his sentence under 28 U.S.C. § 2254 instead of 28 U.S.C. § 2241,
and that the one-year statute of limitations set forth in § 2244(d) applies to such a
petition challenging the prisoner's state parole revocation); *see also Redd v. McGrath,*
_ F.3d _, No. 02-16845, 2003 WL 22097863 (9th Cir. Sept. 11, 2003) (to be published)
(§ 2244(d)'s one-year statute of limitations applies to state prisoner's § 2254 habeas
petition challenging the state parole board's determination that the petitioner was
unsuitable for parole); *Alexander v. Johnson,* 217 F.Supp.2d 780, 785-788 (S.D. Tex.
2001) (§ 2244's one-year statute of limitations was applied in habeas case brought by
state prisoner challenging his parole revocation), *aff'd,* 294 F.3d 626 (5th Cir. 2002);
*Smith v. Angelone,* 73 F.Supp.2d 612 (E.D. Va. 1999) (one-year statute of limitations
set forth in § 2244(d) barred review of federal habeas petition brought by state prisoner
challenging state parole board's determination that he was ineligible for parole), *appeal
dismissed,* 208 F.3d 210 (4th Cir. 2000), *cert. denied,* 513 U.S. 1165 (2001); *Bailey v.
Johnson,* No. Civ.A. 4:00-CV-381-Y, 2001 WL 282756, at *3 (N.D. Tex. Mar. 15,
2001) (unpublished) (one-year statute of limitations set forth in § 2244(d) barred
review of habeas petitioner's claims challenging state parole revocation decision that
was based on "crimes for which he was never convicted"); *Finfrock v. Mack,* No. C-3-
98-512, 1998 WL 823103 (S.D. Ohio Nov. 16, 1998) (Merz, M.J.) (unpublished) (one-
year statute of limitations set forth in § 2244(d) barred review of federal habeas
petition challenging state prisoner's parole revocation).  *Contrast In re Slatton,* 165
F.3d 28 (table), No. 97-0378, 1998 WL 661148 (6th Cir. Sept. 1, 1998) (unpublished)
(a separate provision, 28 U.S.C. § 2244(b), which by its express terms applies only to
second or successive habeas corpus petitions brought under 28 U.S.C. § 2254, does not
apply to § 2241 petitions challenging the OAPA's parole procedures).

In this case, because petitioner does not seek to challenge his state court
conviction or sentence that has placed him in the State's custody, his claim for relief

4

does not fall within the category set forth in and governed by 28 U.S.C. § 2244(d)(1)(A). *See Wade,* 327 F.3d at 332-33; *Cook,* 321 F.3d at 280. In addition, no argument has been made or evidence presented that petitioner's claim falls within the categories set forth in and governed by § 2244(d)(1)(B)-(C). Therefore, it appears the only provision applicable to petitioner's claim is § 2244(d)(1)(D), which provides that the statute of limitations begins to run from the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. *Cf. Redd, supra,* 2003 WL 22097863, at *1; *Wade,* 327 F.3d at 333; *Bailey, supra,* 2001 WL 282756, at *3.

The factual predicate of petitioner's claim should have been discovered through the exercise of due diligence on or about June 15, 1998, the date the Hamilton County Common Pleas Court entered its order granting his motion for Judgment of Acquittal in the state criminal case involving the same allegations of rape that had resulted in his parole revocation six months earlier. Therefore, under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations began to run in June 1998 and expired one year later in June 1999 absent the application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

During the one-year limitations period beginning in June 1998, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997), *cert. denied,* 522 U.S. 1149 (1998). The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir. 2000) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy*

*v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

In this case, it appears from the record presented that petitioner did not take any action to challenge his parole revocation until he commenced the instant federal habeas corpus action at the earliest on June 27, 2001, *see supra* pp. 2-3 & n.2, over two years after the statute of limitations had run its course. Therefore, petitioner has not demonstrated he is entitled to the benefits of the tolling provision set forth in § 2244(d)(2).

In addition, no showing has been made that equitable tolling principles should apply to permit review of petitioner's time-barred claim for habeas corpus relief. The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In determining whether the statute should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Petitioner does not argue that the statute of limitations should be equitably tolled in this case; nor does the record suggest that equitable principles should apply here. First, petitioner has not demonstrated due diligence in pursuing his rights. He waited over three years after the Judgment of Acquittal was entered in the state criminal case before taking any action, either administrative or judicial, to challenge his parole revocation. Moreover, there is no indication in the record that petitioner lacked notice or constructive knowledge of the one-year filing requirement for federal habeas petitions. In any event, it was unreasonable for petitioner to remain ignorant of the filing requirement, which has been in effect since April 1996, until June 27, 2001 when he, at the earliest, first provided his federal habeas petition to prison authorities for

mailing to the Court.

Accordingly, in sum, the Court concludes that the one-year statute of limitations set forth in § 2244(d), which governs petitioner's federal habeas corpus petition challenging his December 18, 1997 parole revocation, expired in June 1999. The instant petition, which was submitted by petitioner to prison authorities for mailing at the earliest on June 27, 2001 and was "received" by the Clerk for filing on July 17, 2001, was filed over two years too late. It is therefore RECOMMENDED that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be DISMISSED with prejudice because it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 2) be DISMISSED with prejudice as time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis*, an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  09/25/03                      s/Jack Sherman, Jr.
      cbc                      Jack Sherman, Jr.
                                     United States Magistrate Judge

P:\JS\LAW CLERK filings\01cv471R&R.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

---

Diondre Watkins,
    Petitioner,

                            Case No. C-1-01-471

        v.                    (Dlott, J.; Sherman, M.J.)

Ohio Adult Parole Authority, et al.,
    Respondents.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Jack Sherman, Jr., United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).